1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 13-CV-3183-L |
| Plaintiff-Respondent, | ) | Criminal No. 11-CR-4412-L |
| | ) | **ORDER DENYING MOTION TO** |
| v. | ) | **VACATE, SET ASIDE, OR** |
| | ) | **CORRECT SENTENCE PURSUANT** |
| GUADALUPE ROCHA-FERNANDEZ, | ) | **TO 28 U.S.C. § 2255** |
| | ) | **[28 U.S.C. § 2255]** |
| Defendant-Petitioner. | ) | |

19      On December 27, 2013, Petitioner Guadalupe Rocha-Fernandez ("Petitioner") proceeding

20 *pro se*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  On

21 February 12, 2014, the Government filed a Response to Petitioner's motion.  The Court has

22 reviewed the record, the submissions of the parties, and the supporting exhibits and, for the

23 reasons set forth below, **DENIES** Petitioner's motion.

24                                              **BACKGROUND**

25      Petitioner was charged by information with one count of importation of

26 methamphetamine pursuant to 21 U.S.C. § 952 and 960.  On October 12, 2011, Petitioner pled

27 guilty to the charge pursuant to a written plea agreement.  Under the terms of the plea agreement,

28 Petitioner agreed to waive any right to appeal or to collaterally attack his conviction and

1  sentence, unless the Court imposed a sentence in excess of the high end of the applicable

2  guideline range.  (Plea Agreement, Gov't. Ex. 2, ¶ XI.)  On April 9, 2012, Petitioner was

3  sentenced by this Court to 46 months followed by 5 years of supervised release.

4                                          **ANALYSIS**

5          As part of his plea agreement, Petitioner waived both the right to appeal and the right to

6  collaterally attack the judgment and sentence.  A knowing and voluntary waiver of a statutory

7  right is enforceable.  *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990).  The

8  right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may

9  therefore waive the right to file a § 2255 petition.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th

10  Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

11         The scope of a § 2255 waiver, however, may be subject to potential limitations.  For

12  example, a waiver might be ineffective where the sentence imposed is not in accordance with the

13  negotiated agreement, or if the sentence imposed violates the law.  *Id.*; *United States v.*

14  *Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997).  Additionally, a defendant's waiver will not bar an

15  appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of

16  Criminal Procedure to ensure that the waiver was knowingly and voluntarily made.  *Navarro-*

17  *Botello*, 912 F.2d at 321.  Finally, a waiver may not "categorically foreclose" a defendant from

18  bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of

19  waiver.  *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d at 1014.  Unless Petitioner can demonstrate

20  that one of these limitations to the validity of the waiver are applicable, this Court lacks

21  jurisdiction to consider his collateral challenge to his conviction and sentence.  *See Washington*

22  *v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's

23  waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district

24  court lacked jurisdiction to hear the case).

25         The government contends that Petitioner knowingly and voluntarily waived his right to

26  appeal and collateral attack.  The Court agrees and finds none of the potential limitations to the

27  validity of the waiver are applicable in this case.

28         First, the sentence imposed was in accordance with the negotiated plea agreement and

1  applicable sentencing guidelines.  Petitioner's sentence of 46 months was based on a base

2  offense level of 38 (U.S.S.G. § 2D1.1), plus 2 for importation of methamphetamine (U.S.S.G. §

3  2D1.1.(b)(4)), minus 2 for safety valve (U.S.S.G. §§ 2D1.1(b)(11) & 5C1.2), minus 3 for

4  acceptance of responsibility (U.S.S.G. § 3E1.1), and minus 4 for fast track (U.S.S.G. § 5K3.1),

5  as agreed upon by the parties.  (Plea Agreement, Gov't. Ex. 2, ¶X.)  In the plea agreement, the

6  Government agreed to recommend a sentence at the low end of the applicable guideline range.

7  (Transcript of Sentencing Hearing, Gov't. Ex. 4, at 8.)  The Court sentenced Petitioner according

8  to the negotiated terms of the plea agreement.

9       Second, the record of the disposition proceedings indicates that Petitioner knowingly and

10  voluntarily entered into the plea agreement and that the requirements of Rule 11 were adhered

11  to.  Petitioner was advised of the right to maintain his plea of not guilty, he was advised of the

12  rights he was giving up by pleading guilty, and he was specifically advised that he was waiving

13  his right to appeal and collateral attack.  (Transcript of Plea Hearing, Gov't. Ex. 3, at 10-17.)

14  The record further reflects that Petitioner was advised of the nature of the charge to which he

15  was pleading guilty, the maximum possible penalty, and the Court's obligations with regard to

16  the Sentencing Guidelines.  (*Id.* at 6-10.)  During the proceedings, Petitioner clearly

17  acknowledged his understanding of the terms of the plea agreement and the voluntary nature of

18  his decision to enter into the plea agreement.  (*Id.* at 11-17.)  The Court asked Petitioner if he

19  had any questions about the plea agreement, and Petitioner replied in the negative.  (*Id.*)

20  Petitioner also affirmed that he was pleading guilty of his own free will and that he was, in fact,

21  guilty as charged.  (*Id.* at 13-15.)  Petitioner also affirmed that he was satisfied with the services

22  of his counsel.  (Plea Agreement, Gov't. Ex. 2, at 13.)

23       Finally, the Court finds that Petitioner's claim of ineffective assistance of counsel does

24  not invalidate his waiver in this case.  "A claim of ineffective assistance [of counsel] may be

25  used to attack the voluntariness and hence the validity of a guilty plea."  *United States v. Keller*,

26  902 F.2d 1391, 1394 (9th Cir. 1990); *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).  To prevail on

27  an ineffective assistance of counsel claim, a defendant must show that counsel's performance

28  was deficient and that the deficient performance prejudiced the defendant.  *Strickland v.*

1   *Washington*, 466 U.S. 668, 687 (1984).  The limitation against waivers is applicable to claims

2   "based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or

3   accept a particular plea bargain." *Pruitt*, 32 F.3d at 433.  In the context of guilty pleas, to satisfy

4   the "prejudice" requirement "the defendant must show that there is a reasonable probability that,

5   but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

6   trial." *Hill*, 474 U.S. at 59.  In considering this issue, there is a "strong presumption that

7   counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*,

8   466 U.S. at 689.  Moreover, *post-hoc* complaints about the strategy or tactics employed by

9   defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland*.  *See,*

10  *e.g., United States v. Simmons*, 923 F.2d 934, 956 (2nd Cir. 1991) (appellant's displeasure with

11  strategy employed by trial counsel insufficient to establish ineffectiveness).

12          Petitioner argues that defense counsel's performance was deficient because his attorney

13  did not properly advise him of his constitutional rights.  (Motion under 28 U.S.C. § 2255, Gov't.

14  Ex. 7, at 5.)  Specifically, Petitioner contends that counsel did not advise him of *Boykin*[1] trial

15  rights guaranteed to him by the Fifth and Sixth Amendments.  (*Id.*)  Further, Petitioner claims he

16  was not allowed to enter into a knowing, voluntary, and intelligent guilty plea as required by the

17  Fifth and Sixth Amendments.  (*Id.*)  Counsel's failure resulted in an unknowing and involuntary

18  guilty plea in violation of the Due Process Clause of the Fifth Amendment according to

19  Petitioner.  (*Id.*)  This claim is without merit.  Magistrate Judge Peter Lewis advised him of the

20  following rights:

21          You have the right to a speedy and public jury trial where the government would have to
           prove your guilt by evidence beyond a reasonable doubt.  You have a right to have a
22          lawyer represent you throughout your case, including trial.  If you cannot afford to pay an
           attorney, the government, I'm sorry, appointed counsel here will represent you through
23          trial at no cost to you.  You have the right to confront and cross-examine any witnesses
           who testify against you and you [have] a right to have witnesses subpoenaed to court to
24          testify on your behalf, a right to present any defense you have to the charges, present any
           defense you have to the charge and basically you do have a right to stay silent throughout
25          this trial

26   _____

27          [1]In *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), the Supreme Court ruled that it was
     improper to "accept petitioner's guilty plea without an affirmative showing that it was intelligent
28   and voluntary."  Note: Petitioner refers to trial rights as Boyking when in fact, the correct
     spelling is Boykin.

(Transcript of Plea Hearing, Gov't. Ex. 3, at 5.)  Petitioner acknowledged that he was forfeiting these rights upon pleading guilty.  (*Id.*)  Petitioner neither indicated that he did not understand his constitutional rights nor that such rights were being forfeited.  (*Opp'n.* at 7.)  Based on the statement above and Petitioner's acknowledgment, it is very clear that Petitioner understood the rights afforded to him by the Fifth and Sixth Amendments.

Petitioner goes on to argue that his counsel's performance was ineffective given the insufficiency of the evidence needed to sustain conviction under the facts of the case.  (Motion under 28 U.S.C. § 2255, Gov't. Ex. 7, at 6.)  Petitioner contends. "There is no direct or circumstantial evidence that proves Petitioner's intent to knowingly participate."  (*Id.*)  Further, Petitioner argues there is no evidence demonstrating his awareness that illegal activity was being undertaken.  (*Id.*)  Finally, Petitioner claims there is nothing to prove that he actively took steps to avoid learning about his illegal conduct.  (*Id.*)  This claim is also without merit.  The factual basis of the case is presented clearly in the plea agreement: Petitioner knowingly and intentionally drove a vehicle from Mexico into the United States via Calexico; concealed approximately 2.22 kilograms of methamphetamine in the vehicle; and knew that the methamphetamine was in the vehicle and intentionally brought it into the United States.  (Plea Agreement, Gov't. Ex. 2, at 3.)  These facts are undisputed and agreed to by Petitioner.  (*Id.*)  Further, Petitioner agreed to the factual basis of these claims upon questioning by Magistrate Judge Lewis.  (Transcript of Plea Hearing, Gov't. Ex. 3, at 13-14.)  When pressed in regards to whether these claims were made voluntarily and with his concurrence, Petitioner answered, once again, in the affirmative.  (*Id.* at 15.)

Petitioner further argues that his counsel did not provide him with ample opportunity to allocute because he was not afforded the opportunity to address the court or be heard at sentencing.  (Motion under 28 U.S.C. § 2255, Gov't. Ex. 7, at 8.)  The facts contradict this assertion.  On April 9, 2012, the Court provided Petitioner with the opportunity to "understand his circumstance." (Transcript of Sentencing Hearing, Gov't. Ex. 4, at 4.)  He asked the Court to "please forgive my ignorance for having, without really wanting to, committing this crime." (*Id.*)  Petitioner then proceeded to ask the Court for leniency with regards to the imposition of his

1    sentence.  (*Id.*)  He begged the Court to "send me back to Mexico as soon as you can to my

2    family so that I can not come back ever to the United States."  (*Id.*)  As the facts show, Petitioner

3    was given an opportunity to speak to the Court and was heard at sentencing.  Lastly, Petitioner

4    argues his counsel "rendered ineffective assistance of counsel by failing to file a timely notice of

5    appeal." (Presentence Report, Gov't. Ex. 1, at 8.)  However, this claim is without merit.

6    Petitioner waived his appeal rights on April 9, 2012.  (Doc. 25.)

7         The Court finds that none of the recognized limitations to a defendant's waiver of the

8    right to bring a § 2255 motion are present in this case.   Accordingly, the collateral attack waiver

9    provision in Petitioner's plea agreement will be enforced.

10                                    **EVIDENTIARY HEARING**

11        The court is not required to hold an evidentiary hearing when ruling on § 2255 motions.

12   28 U.S.C. § 2255; *Shah v. United States*, 878 F.2d 1156, 1159-60 (9th Cir. 1989).  Section 2255

13   allows courts to forego such a hearing when "the motion and the files and records of the case

14   conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; *United States v.*

15   *Racich*, 35 F.Supp. 2d 1206, 1221 (S.D. Cal. 1990).  The Court finds an evidentiary hearing is

16   not required in this matter because the records conclusively demonstrate Petitioner is not entitled

17   to relief.

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

**CONCLUSION**

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter.  Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED:  July 17, 2014

M. James Lorenz
United States District Court Judge

COPY TO:
Guadalupe Rocha-Fernandez
Reg. No. 29255-298
Giles W. Dalby C.F.
North Avenue F.
Post, TX, 79356

Harold Chun
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101

13cv3183; 11cr4412